1   Peter Strojnik, 6464
2   THE LAW FIRM OF PETER STROJNIK
3   3030 North Central Avenue, Suite 1401
    Phoenix, Arizona 85012
    Telephone: 602-297-3019
4   Facsimile: 602-297-3176
    E-mail: Strojnik@aol.com
5   Attorney for Plaintiffs

6

7                 **IN THE UNITED STATES DISTRICT COURT**

8                    **FOR THE DISTRICT OF ARIZONA**

9   JEFFREY and AUDREY FEHR, husband ) NO.
    and wife, citizens of the State of Arizona, )
10                                            )        **COMPLAINT**
                                              )
11                            Plaintiffs, )   Declaratory Judgment (28 U.S.C. § 2201)
                                              )   Declaratory Judgment (12 A.R.S. § 1831)
12        vs.                               )        Breach of Contract
                                              )   Breach of Covenant of Good Faith and Fair
13   RICHARD   and   CARRIE   LAFAVE, )                      Dealing
     husband and wife, citizens of the State of )
14   Oregon,                                )        **DEMAND FOR TRIAL BY JURY**
                                              )
15                            Defendants. )
    _____ )

16

17              **THE PARTIES, JURISDICTION AND VENUE**

18

19   1.   Plaintiffs are residents and citizens of the State of Arizona.

20   2.   Defendants are residents and citizens of the State of Oregon.

21   3.   The amount of controversy exceeds $75,000.00.

22   4.   The United States District Court of the State of Arizona has jurisdiction over this matter by

23        virtue of 28 U.S.C. § 1331 (federal question) and 28 U.S.C. §1332 (diversity of citizenship).

24   5.   Venue is proper pursuant to 28 U.S.C. 1391 for the reason that Defendants have caused

25        events to occur in the State of Arizona.

## GENERAL ALLEGATIONS

6. On or about November 3, 2006, Plaintiff and Defendant entered into a Non-Compete Agreement. A copy of said agreement is attached hereto as Exhibit 1.

7. Paragraph 3 of the Non-Compete Agreement states:

> **3. PAYMENT.** Rick will pay compensation to Jeff & Audrey for the covenants as follows:
> - $15,000
> - Two computers with all Rick's software and files removed
> - One cell phone for one year
> - The next six months payment on his truck
> - Child support for Jeff Fehr for 6 months
> - His tool box
> - Trailer

8. Defendants breached the Non-Compete Agreement by failing to comply with the provisions of Paragraph 3, causing damage to Plaintiffs in an amount to be determined at trial but in no event less than the minimum jurisdictional amount pursuant to 28 U.S.C. §1332.

9. On or about January 5, 2007, Plaintiffs issued a document titled Breach Notification a copy of which is appended hereto as Exhibit 2. Breach Notification indicated, in part:

> 2: Rick's breach by failing to comply with section 3 of the agreement and failure to notify the state of Oregon under statue 137-055-4110 Termination of Income Withholding.
>
> 3. Rick's breach by failing to pay child support on time for the period of four months resulting in a possible License Suspension ORS-137-055-4420

10. On October 10, 2007, Defendants' attorneys issued a demand letter to Plaintiffs, Exhibit 3 hereto, stating as follows:

This firm represents Rick Lafave regarding the non-compete agreement (the "Agreement") signed by you and Audrey Fehr on November 3, 2006. A copy of the Agreement is enclosed for your reference. It appears that you are in violation of paragraph one of the Agreement due to your employment or association with Lighting Fabrication LLC, an entity that provides the same or similar products or services as Mr. Lafave's business.

It also appears that you have violated paragraph 2 of the Agreement by soliciting customers and clients from Mr. Lafave's business. The fact that Lighting Fabrication LLC, has provided services to these customers and clients is yet another violation of the Agreement.

Mr. Lafave hereby demands that you cease as desist all actions that violate the obligations and duties you owe to Mr. Lafave under the Agreement. Your failure to comply with this demand will be used to support a punitive damages claim against you. Mr. Lafave reserves all rights and remedies that he may have against you and Mrs. Fehr.

11. Plaintiff has complied with all conditions precedent to filing this action.

**COUNT ONE**
(Declaratory Judgment 28 U.S.C. 2201)

12. Plaintiff realleges all allegations heretofore set forth.

13. There is actual controversy between Plaintiffs and Defendants regarding Plaintiff's obligations pursuant to the Non-Compete Agreement: Plaintiffs claim that the Non-Compete Agreement has been breached by Defendants causing Plaintiffs damage, and thereafter terminated, while Defendants claim that the Non-Compete Agreement remains in full force and effect despite the breach and termination.

14. Defendant has breached the terms of the Non-Compete Agreement Title Policy, damaging Plaintiff in an amount to be proven at trial, but in no event less than the jurisdictional amount set forth in 28 U.S.C. § 1332.

15. This action arises out of contract, entitling Plaintiff an award of costs and attorney's fees.

-3-

WHEREFORE, Plaintiff prays for judgment as follows:

    a. For a declaration that the Non-Compete Agreement has been breached by Defendants and terminated by Plaintiffs; and

    b. For damages for the breach of the Non-Compete Agreement in an amount to be proven at trial; and

    c. For pre judgment and post judgment interest on the entire damage award at the highest legal rate but in no event less than 10% per annum; and

    d. For costs and attorney's fees; and

    e. For such other and further relief as the Court may deem just and proper.

## COUNT TWO
(Declaratory Judgment A.R.S. §12-1831)

16. Plaintiff realleges all allegations heretofore set forth.

17. There is actual controversy between Plaintiffs and Defendants regarding Plaintiff's obligations pursuant to the Non-Compete Agreement: Plaintiffs claim that the Non-Compete Agreement has been breached by Defendants causing Plaintiffs damage, and thereafter terminated, while Defendants claim that the Non-Compete Agreement remains in full force and effect despite the breach and termination.

18. Defendant has breached the terms of the Non-Compete Agreement Title Policy, damaging Plaintiff in an amount to be proven at trial.

19. This action arises out of contract, entitling Plaintiff an award of costs and attorney's fees.

WHEREFORE, Plaintiff prays for judgment as follows:

a.  For a declaration that the Non-Compete Agreement has been breached by Defendants and terminated by Plaintiffs; and

b.  For damages for the breach of the Non-Compete Agreement in an amount to be proven at trial; and

c.  For pre judgment and post judgment interest on the entire damage award at the highest legal rate but in no event less than 10% per annum; and

d.  For costs and attorney's fees; and

e.  For such other and further relief as the Court may deem just and proper.

**COUNT THREE**
(Breach of Contract)

20. Plaintiff realleges all allegations heretofore set forth.

21. Defendants breached the terms of the Non-Compete Agreement, causing Plaintiffs damage in an amount to be proven at trial.

22. This action arises out of contract, entitling Plaintiff an award of costs and attorney's fees.

WHEREFORE, Plaintiff prays for judgment as follows:

a.  For damages for the breach of the Non-Compete Agreement in an amount to be proven at trial; and

b.  For pre judgment and post judgment interest thereon at the highest legal rate but in no event less than 10% per annum; and

c.  For costs and attorney's fees; and

d.  For such other and further relief as the Court may deem just and proper.

## COUNT FOUR
(Breach of Covenant of Good Faith and Fair Dealing)

23. Plaintiff realleges all allegations heretofore set forth.

24. The Non-Compete Agreement included an implied covenant that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract".

25. Defendants breached the covenant of good faith and fair dealing in the following non-exclusive respects:

    a.  They failed to deal with Plaintiffs fairly; and

    b.  They destroyed or injured the right of the Plaintiffs to receive the fruits of the Non-Compete Agreement.

26. Plaintiffs have been damaged by Defendants' breach of the implied covenant of good faith and fair dealing, causing damage to Plaintiffs in an amount to be proven at trial.

27. The conduct by Defendants is especially egregious, entitling Plaintiffs to an award of punitive damages sufficient to deter these Defendants and others in Defendants' position from engaging in like conduct in the future, but in no event less than $500,000.00.

28. WHEREFORE, Plaintiff prays for judgment as follows:

    a.  For compensatory damages in an amount to be proven at trial; and

    b.  For punitive damages in the amount of no less than $500,000.00; and

    c.  For pre judgment and post judgment interest thereon at the highest legal rate but in no event less than 10% per annum; and

    d.  For costs and attorney's fees; and

e.  For such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on issues triable by a jury.

RESPECTFULLY submitted this 17th day of October, 2007.


Peter Strojnik
Attorney for Plaintiffs

EXHIBIT 1

*# 1*

## *NON-COMPETE AGREEMENT*

This Non-Compete Agreement (this "Agreement") is made effective as of November 03, 2006, by and between Richard T. Lafave, of 18364 N.W. Grimmet Rd., Gales Creek, Oregon 97117, and Jeff & Audrey  Layman Fehr, of 3704 N.E. 67th Ave., Portland, Oregon 97213.

In this Agreement, the party who is requesting the non-competition from the other party shall be referred to as "Rick", and the party who is agreeing not to compete shall be referred to as "Jeff & Audrey".

Termination of 49% Ownership and Employment with Clean Fabrication, Inc.

**1. NON-COMPETE COVENANT.**  For a period of one year after the effective date of this Agreement, Jeff & Audrey will not directly or indirectly engage in any business that competes with Rick.  This covenant shall apply to the geographical area that includes World Wide.

**2. NON-SOLICITATION COVENANT.**  For a period of One year after the effective date of this Agreement, Jeff & Audrey  will not directly or indirectly solicit business from, or attempt to sell, license or provide the same or similar products or services as are now provided to, any customer or client of Rick.  Further, for a period of One Year after the effective date of this Agreement,  Jeff & Audrey will not directly or indirectly solicit, induce or attempt to induce any employee of Rick to terminate his or her employment with Rick.

**3. PAYMENT.**  Rick will pay compensation to Jeff & Audrey for the covenants as follows:

- $15,000
- Two computers with all Rick's software and files removed
- One cell phone for one year
- The next six months payment on his truck
- Child support for Jeff Fehr for 6 months
- His tool box
- Trailer

**4. CONFIDENTIALITY.**  Jeff & Audrey will not at any time or in any manner, either directly or indirectly, use for the personal benefit of Jeff & Audrey, or divulge, disclose, or communicate in any manner any information that is proprietary to Rick.  Jeff & Audrey will protect such information and treat it as strictly confidential.  The obligation of Jeff & Audrey not to disclose confidential information shall continue for a period of One year after the effective date of this Agreement.  Jeff & Audrey will return to Rick all records, notes, documentation and other items that were used, created, or controlled by Jeff & Audrey immediately

# EXHIBIT 1

**5. ENTIRE AGREEMENT.** This Agreement contains the entire agreement of the parties regarding the subject matter of this Agreement, and there are no other promises or conditions in any other agreement whether oral or written.

**6. SEVERABILITY.** The parties have attempted to limit the non-compete provision so that it applies only to the extent necessary to protect legitimate business and property interests. If any provision of this Agreement shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of this Agreement is invalid or unenforceable, but that by limiting such provision it would become valid and enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

**7. INJUNCTION.** It is agreed that if Jeff & Audrey violates the terms of this Agreement irreparable harm will occur, and money damages will be insufficient to compensate Rick. Therefore, Rick will be entitled to seek injunctive relief (i.e., a court order that requires Jeff & Audrey to comply with this Agreement) to enforce the terms of this Agreement.

**8. APPLICABLE LAW.** This Agreement shall be governed by the laws of the State of Oregon.

PROTECTED PARTY:
Richard T. Lafave

By: _____
    Richard T. Lafave
    CEO

NON-COMPETING PARTY:
Jeff & Audrey   Layman Fehr

By: _____
    Jeff  Fehr Audrey Layman Fehr

By: _____
    Audrey Layman Fehr

EXHIBIT 2

# Breach Notification

Attention:  Rick Lafave

The intent of this Breach Notification is to notify you of your breach of our agreement dated November 3rd 2006 for the following reasons.

In this notification, the party who has breached the non-competition agreement shall be known as "Rick" and the parties putting him on notice shall be known as "Jeff & Audrey".

1:  Rich's beach by failing to acknowledge that Jeff & Audrey went into the agreement with Rick under the pretence that we would continue working with our former company in some faction, so that we could maintain a comparable lifestyle to what we were accustomed and have the ability to make a living.  The discussions between Rich and Jeff & Audrey were not specific because the plans were not set, but it was the intention of both parties that Jeff & Audrey would do some kind of sales for and/or with Rick after relocating.  As stated in Rick's e-mail dated January 4, 2007,  "I talked to Mr. Sahagian and he told me absolutely in no uncertain terms "NO" I would be willing to open accounts or sell and pay you and Audrey 1099 until this appeal process and bankruptcy's are over.  I do not want to keep you from making a living but I can not have any business dealings with you or Audrey until I am done with all the proceedings that are effecting me right now and probably will for another year or so.  I don't need any more law suit's naming you and I together in them."  he has breached this agreement.

2:  Rick's breach by failing to comply with section 3 of the agreement and failure to notify the state of Oregon under statue 137-055-4110 Termination of Income Withholding.

3.  Rick's breach by failing to pay child support on time for the period of four months resulting in a possible License Suspension ORS-137-055-4420

Dated: January 05, 2007

_____                    _____
Jeff Fehr                                   Audrey Fehr

# EXHIBIT 2

EXHIBIT 3

# SUSSMAN SHANK LLP

### A T T O R N E Y S   A T   L A W

William G. Fig
Attorney • Admitted in Oregon & Washington

*direct line:* 503.243.1656
billf@sussmanshank.com

1000 SW Broadway • Suite 1400
Portland, Oregon 97205-3089

503.227.1111 or 800.352.7078
*fax:* 503.248.0130
www.sussmanshank.com

October 10, 2007

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED
AND FIRST CLASS MAIL**

Jeffrey Fehr
698 N. El Dorado Drive
Gilbert, AZ 85233

      Re:    Mr. Lafave Fastener House
             Our File No. 19342-005

Dear Mr. Fehr:

This firm represents Rick Lafave regarding the non-compete agreement (the "Agreement") signed by you and Audrey Fehr on November 3, 2006. A copy of the Agreement is enclosed for your reference. It appears that you are in violation of paragraph one of the Agreement due to your employment or association with Lighting Fabrication LLC, an entity that provides the same or similar products or services as Mr. Lafave's business.

It also appears that you have violated paragraph 2 of the Agreement by soliciting customers and clients from Mr. Lafave's business. The fact that Lighting Fabrication LLC, has provided services to these customers and clients is yet another violation of the Agreement.

Mr. Lafave hereby demands that you cease as desist all actions that violate the obligations and duties you owe to Mr. Lafave under the Agreement. Your failure to

# EXHIBIT 3

# SUSSMAN SHANK LLP

Jeffrey Fehr
October 10, 2007
Page 2

comply with this demand will be used to support a punitive damages claim against you. Mr. Lafave reserves all rights and remedies that he may have against you and Mrs. Fehr.

Very truly yours,

SUSSMAN SHANK LLP

William G. Fig

WGF:
C:    Client
F:\CLIENTS\19342\005\L-WGF FEHR.DOC