**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey and Audrey Fehr, husband and wife, citizens of the State of Arizona,<br><br>Plaintiffs,<br><br>vs.<br><br>Richard and Carrie LaFave, husband and wife, citizens of the State of Oregon,<br><br>Defendants. | No. CV-07-2005-PHX-DGC<br><br>**ORDER** |

Defendants have filed a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Dkt. #8. A response and reply have been filed. Dkt. ##12-13. The Court will grant the motion. The requests for oral argument are denied because the parties have thoroughly discussed the law and evidence and oral argument will not aid the Court's decision. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

**I.    Background.**

Defendants Richard and Carrie LaFave are citizens of Oregon. Richard LaFave entered into a Non-Compete Agreement with Plaintiffs Jeffrey and Audrey Fehr on November 3, 2006. The Agreement was negotiated and executed in Oregon. *See* Dkt. ##1, 10-11.

On October 10, 2007, Richard LaFave, through counsel, sent a letter to Jeffrey Fehr asserting that Fehr appeared to be in breach of the Agreement and demanding that he cease

1  and desist the alleged breaching activities.  The letter was sent from Oregon to Plaintiffs'
2  residence in Arizona.  *See* Dkt. #1 at 14-15.

3  Plaintiffs filed this suit one week later.  The complaint alleges that Defendants
4  breached the payment provision of the Agreement.  Dkt. #1 ¶ 8.  The complaint asserts
5  declaratory judgment claims under state and federal law, a breach of contract claim, and a
6  breach of the covenant of good faith and fair dealing claim.  *Id.* ¶¶ 12-28.

7  **II.    Personal Jurisdiction Standard.**

8  Plaintiffs do not contend that general jurisdiction exists.  Under this Circuit's three-
9  part test, the Court may exercise specific jurisdiction over Defendants only if (1) Defendants
10  purposefully availed themselves of the privilege of conducting activities in Arizona, thereby
11  invoking the benefits and protections of its laws, (2) Plaintiffs' claims arise out of
12  Defendants' activities in Arizona, and (3) the exercise of jurisdiction over Defendants is
13  reasonable.  *See Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990).
14  At this stage of the litigation, Plaintiffs need only demonstrate facts that if true would support
15  jurisdiction.  *See Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 268 (9th Cir.
16  1995).

17  **III.   Analysis.**

18  Plaintiffs contend that specific jurisdiction exists because their claims "arise out of"
19  the October 10, 2007 cease and desist letter.  Dkt. #12 at 6-7.  But the "arising out of"
20  requirement is only one element of the specific jurisdiction test.  To survive the motion to
21  dismiss, Plaintiffs must also present facts showing that Defendants "purposefully availed"
22  themselves of the privilege of conducting activities in Arizona.  Plaintiffs have presented no
23  such facts.

24  Plaintiffs rely on a single contact with Arizona – the cease and desist letter – to
25  establish personal jurisdiction.  But "[a] cease and desist letter is not in and of itself sufficient
26  to establish personal jurisdiction over the sender of the letter."  *Yahoo! Inc. v. La Ligue*
27  *Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1208 (9th Cir. 2006); *see Kransco*
28  *Mfg., Inc. v. Witz*, 656 F.2d 1376, 1379-80 (9th Cir. 1981) (infringement letters sent by patent

- 2 -

1  owner insufficient to establish personal jurisdiction); *Cascade Corp. v. Hiab-Foco, AB*, 619
2  F.2d 36, 38 (9th Cir. 1980) (same).  There are strong policy reasons to encourage cease and
3  desist letters.  They generally are used as a warning to the alleged wrongdoer and to resolve
4  a dispute without resort to litigation.  "If the price of sending a cease and desist letter is that
5  the sender thereby subjects itself to jurisdiction in the forum of the alleged [wrongdoer], the
6  [sender] will be strongly encouraged to file suit in its home forum without attempting first
7  to resolve the dispute informally by means of a letter." *Yahoo!*, 433 F.3d at 1208.

8  The letter at issue in this case was a normal cease and desist letter.  It warned
9  Plaintiffs that they appeared to be in breach of the Agreement and demanded that the alleged
10 breaching activities cease.  Dkt. #1 at 14-15.  Plaintiffs do not assert, and the Court does not
11 find, that the letter was tortious or otherwise abusive.

12 The Court concludes that the cease and desist letter, standing alone, is not a sufficient
13 contact with Arizona to justify the exercise of personal jurisdiction over Defendants.  *See*
14 *Yahoo!*, 433 F.3d at 1209.  The Court will grant the motion to dismiss.  Given this ruling, the
15 Court need not address Defendants' alternative arguments regarding the appropriate venue.

16 **IT IS ORDERED:**

17 1.  Defendants Richard and Carrie LaFave's motion to dismiss (Dkt. #8) is
18     **granted**.
19 2.  The Clerk shall enter judgment accordingly.

20 DATED this 19th day of February, 2008.

*David G. Campbell*
David G. Campbell
United States District Judge